**UNITED STATES of America,**
**Appellee,**

v.

**Esperanza TABARES, Defendant,**

Luis TAPASCO, Defendant–Appellant.

No. 02–1483.

United States Court of Appeals,
Second Circuit.

March 14, 2003.

Steven M. Bernstein, New York, NY., for Appellant.

Christopher J. Clark, Assistant United States Attorney (Christine H. Chung, Assistant United States Attorney, James B. Comey, United States Attorney for the Southern District of New York, on the brief), New York, NY., for Appellee, of counsel.

PRESENT: OAKES, CABRANES and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 14th day of March, two thousand and three.

UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, AD-JUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

Defendant–Appellant Luis Tapasco pleaded guilty on March 29, 2002 to possession with intent to distribute 120 kilograms of cocaine and conspiracy to possess with intent to distribute the same. On July 26, 2002, the District Court sentenced Tapasco to 108 months of imprisonment.

On appeal, Tapasco argues that the District Court erred during his sentencing proceedings by declining to reduce his base offense level by two points pursuant to United States Sentencing Guideline ("U.S.S.G.") § 3B1.2(b), which provides for such an adjustment if a defendant was a "minor participant" in the criminal activity.

An adjustment pursuant to § 3B1.2(b) is only appropriate where a defendant is "substantially less culpable than the average participant" in such a crime. U.S.S.G. § 3B1.2 comment (n.3(A)); *see also United States v. Carpenter,* 252 F.3d 230, 235 (2d Cir.2001) (requiring that conduct be compared not just to other participants in that particular conspiracy, but to other participants in any such crime). A defendant bears the burden of proving by a preponderance of the evidence that he is entitled to a minor role adjustment under § 3B1.2(b), and we review a sentencing court's finding on this matter for clear error. *See, e.g., United States v. Castano,* 234 F.3d 111, 113 (2d Cir.2000).

During his plea allocution hearing, Tapasco acknowledged his participation in the conspiracy to distribute cocaine. Specifically, he admitted (1) that he rented a house in Queens where he knew that drugs would be stored in exchange for a promise of $5,000, and (2) that he personally participated in the sale of one kilogram of cocaine. Based upon these facts, the District Court did not clearly err in declining to

decrease Tapasco's base offense level pursuant to U.S.S.G. § 3B1.2(b).

Accordingly, the judgment of the District Court is hereby AFFIRMED.